UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-cr-20025-MOORE

UNITED STATES OF AMERICA,

vs.

CARL HENRY CHERY

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE is before the Court following an Order of Reference to conduct a proceeding for acceptance of a guilty plea by Defendant Carl Henry Chery. Based upon the change of plea hearing conducted on July 27, 2021, this Court makes the following findings, and recommends that the guilty plea be accepted.

1. The undersigned advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Reference from the District Court. I further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case. Defendant, Defendant's attorney and the Assistant United States Attorney all consented on the record to the undersigned conducting the change of plea hearing.

2.  I advised Defendant of his right to appear at the plea hearing in person. Defendant waived his right to appear in person. Defendant, Defendant's attorney and the Assistant United States Attorney all consented to proceed by videoconference. Counsel concurred that holding the change of plea now, rather than delaying it until all could appear before the Court in person, because he has reached a resolution with the government and desires to conclude his case. Pursuant to the Administrative Orders of this Court, specifically, 2020-95 and 2021-20, I find that Defendant's guilty plea could not be further delayed without serious harm to the interests of justice.

3.  The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Fed. R. Crim. P. 11.

4.  Defendant pled guilty to Count 3 of the Indictment, which charges him with possession with intent to distribute a controlled substance, that is, methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A). I advised Defendant that the maximum sentence the Court could impose as to Count 3 is up to life imprisonment, and not less than 10 years' imprisonment, followed by a term of supervised release of not less than 5 years and up to life, and a maximum fine of $10,000,000. I further advised Defendant that the Court would impose a mandatory special assessment of $100.00, which Defendant has agreed is due to be paid at the time of sentencing. Defendant was also advised of the possibility of restitution and forfeiture, as well as potential immigration consequences. Defendant acknowledged that he understood the possible maximum penalties that could be imposed in the case.

5.  To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. The Government established all the essential elements of the crime to which Defendant is pleading guilty. Defendant acknowledged that the facts proffered by

the Government were accurate, and defense counsel agreed that the proffer satisfied all elements of the crime charged.

6. The parties entered into a written plea agreement that was thereafter filed with the Court. I reviewed that plea agreement on the record and Defendant acknowledged that he had reviewed the entire agreement with counsel before he signed it. Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with his attorney. Defendant indicated that he has reviewed discovery with counsel.

7. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

8. Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to the Information filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of the offenses charged in counts 2 and 3 of the Indictment.

9. A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office.

Accordingly, I recommend that Defendant's plea of guilty be accepted, that Defendant be adjudicated guilty of the offenses charged in count 3 and that a sentencing hearing be conducted for final disposition of this matter.

The parties will have fourteen calendar days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and

accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 27th day of July, 2021.

                                               LAUREN F. LOUIS
                                               **UNITED STATES MAGISTRATE JUDGE**

cc:       The Honorable K. Michael Moore
           Counsel of record